J-S05018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LLOYD J. VALCAREL | : | |
| | : | |
| Appellant | : | No. 1102 MDA 2018 |

Appeal from the PCRA Order entered June 1, 2018,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0001772-2011.

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 30, 2020**

Lloyd J. Valcarel appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Additionally, Valcarel's court-appointed PCRA counsel has filed a petition to withdraw from representation, as well as a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (hereinafter "the **Turner**/**Finley** no-merit letter").  We grant counsel's petition and affirm the PCRA court's order.

The relevant factual and procedural history underlying this appeal can be summarized as follows.  On the evening of February 12, 2011, as police responded to a report of a robbery, they observed a car matching the

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

description of the assailants' vehicle. When police attempted to initiate a traffic stop, the driver of the vehicle attempted to elude police and a chase ensued. The vehicle eventually crashed, and police arrested the occupants, one of whom was Valcarel. Police thereafter charged Valcarel with robbery, conspiracy to commit robbery, and related offenses.

Valcarel retained counsel, Lori Yost, Esquire, to represent him in the action. In 2012, as part of a negotiated plea agreement, Valcarel pleaded *nolo contendere* to robbery and conspiracy to commit robbery in exchange for an aggregate prison term of four to ten years. The trial court accepted Valcarel's plea, and sentenced him in accordance with the plea agreement. Valcarel did not file a post-sentence motion or a direct appeal.

In 2013, Valcarel filed a timely *pro se* PCRA petition. The PCRA court took no action on that petition.[2] In 2017, Valcarel filed a second *pro se* PCRA petition asserting plea counsel's ineffectiveness. The PCRA court appointed Valcarel counsel, who filed an amended petition asserting more specific claims of plea counsel's ineffectiveness. The PCRA court conducted an evidentiary hearing on the ineffectiveness claims. On June 1, 2018, the PCRA court denied Valcarel's petition. On July 3, 2018, Valcarel filed a timely notice of appeal.[3]

_____

[2] The record is unclear as to why the PCRA court took no action on Valcarel's initial petition.

[3] Although the PCRA court's order denying PCRA relief was filed on June 1, 2018, it was not served on Valcarel until June 4, 2018. *See* Pa.R.A.P.

- 2 -

Both Valcarel and the PCRA court complied with Pa.R.A.P. 1925. This Court then issued a briefing schedule. Valcarel's PCRA appellate counsel failed to file a brief. We then remanded this matter to the PCRA court to determine whether PCRA appellate counsel had abandoned Valcarel. On remand, the PCRA court granted Valcarel's motion for change of counsel, and appointed Charles Hobbs, Esquire, as replacement PCRA appellate counsel. Attorney Hobbs determined that Valcarel's ineffectiveness claims lacked merit, and accordingly filed a petition to withdraw from representation and a *Turner*/*Finley* no-merit letter.

In the *Turner*/*Finley* no-merit letter, Attorney Hobbs raises the following issues for our review:

> I. Trial counsel was not ineffective for failing to call Dayna Pruitt as a witness.
>
> II. Trial counsel was not ineffective for failing to file a requested appeal.
>
> III. [Valcarel's] no-contest plea was not unlawfully induced.

*Turner*/*Finley* No-Merit Letter, at 13, 16, 17 (unnecessary capitalization omitted).

Prior to addressing Valcarel's claims on appeal, we must address Attorney Hobb's petition to withdraw as counsel. Pursuant to *Turner/Finley*,

---

108(a)(1), (d)(1) (appeal period only begins to run on the date the clerk "mails or delivers copies of the order to the parties"). Thus, Valcarel's appeal is timely, as it was filed within thirty days of the date that the clerk mailed Valcarel a copy of the PCRA court's order.

independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (1) a copy of both the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. *Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Here, in the *Turner/Finley* "no merit" letter, Attorney Hobbs described the extent of his review, identified the issues that Valcarel sought to raise, and explained why the issues lacked merit. In addition, Attorney Hobbs

provided Valcarel with a notice of his intention to seek permission to withdraw from representation, a copy of the **Turner/Finley** "no merit" letter, and advised Valcarel of his rights in lieu of representation.[4]  Thus, we conclude that Attorney Hobbs has substantially complied with the requirements necessary to withdraw as counsel.  **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria).  We now independently review Valcarel's claims to ascertain whether they entitle him to relief.

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error."  **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

Additionally, when a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which,

---

[4] Attorney Hobbs' initial correspondence to Valcarel incorrectly advised him that he had to await a ruling from this Court on the petition to withdraw before he could proceed *pro se* or retain private counsel to represent him.  **See** Letter, undated, at 1.  As noted above, Attorney Hobbs was required to advise Valcarel that he had the **immediate** right to exercise these options.  **See Muzzy**, 141 A.3d at 511-12.  Accordingly, we ordered Attorney Hobbs to send Valcarel a revised letter correctly informing him of his rights.  Attorney Hobbs complied with the order.  Valcarel, however, elected not to pursue either of these options, and did not file a response to the no-merit letter.

in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). The petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

The first ineffectiveness claim raised in the *Turner/Finley* no-merit letter asserts trial counsel's failure to investigate and call Dayna Pruitt as a witness to support an alibi defense for Valcarel. When raising a claim that counsel failed to call a potential witness, the PCRA petitioner satisfies the performance and prejudice requirements of the ineffectiveness test by establishing that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of,

the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009)  Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense.  ***See id***.

In the instant case, the PCRA court conducted an evidentiary hearing at which Ms. Pruitt testified that she and Valcarel were living together on the date of the robbery.  According to Ms. Pruitt, she and Valcarel spent the day and evening together.  That night, however, Valcarel received a telephone call and stated that he needed to leave, but would be back soon.  ***See*** N.T. PCRA Hearing, 5/29/18, at 6-7.  Ms. Pruitt testified that Valcarel left their home between 10:00 p.m. and 11:00 p.m.  ***Id***. at 7-8.  She did not know whether Valcarel returned that night because she was tired and went to sleep.  ***Id***. at 9.[5]

Valcarel's trial counsel, Attorney Yost, also testified at the evidentiary hearing.  According to Attorney Yost, she did not believe that Ms. Pruitt's testimony would have been helpful to Valcarel's case because the timeframe that Valcarel was with Ms. Pruitt was earlier in the day, and did not line up

---

[5] According to the affidavit of probable cause supporting the criminal complaint, the robbery occurred at midnight.  ***See*** Affidavit of Probable Cause, 2/13/11, at 3.

with the time of the robbery.  ***Id***. at 12, 18-19.  Attorney Yost also indicated that Ms. Pruitt's testimony would not have been helpful because Valcarel was observed on surveillance video without Ms. Pruitt immediately after the robbery.  ***Id***. at 12.

Finally, Valcarel took the stand and testified that Ms. Pruitt was not with him on the night the robbery was committed, and that she stayed home when Valcarel left their residence.  ***Id***. at 35.

Based on this evidence, the PCRA court concluded that Attorney Yost was not ineffective for failing to present Ms. Pruitt as an alibi witness in Valcarel's case.  The PCRA court found that Ms. Pruitt's testimony would not have been helpful, and would likely have been detrimental to Valcarel's case since it would have provided opportunity for him to commit the crime rather than an alibi.  ***Id***. at 41.  As the record supports the PCRA court's determination, we affirm its denial of PCRA relief on Valcarel's first ineffectiveness claim.

The second ineffectiveness claim raised in the ***Turner***/***Finley*** no-merit letter concerns trial counsel's failure to file a direct appeal of Valcarel's sentence.  Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to the reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice.  ***See Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999).  However, before a court will find

ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and that counsel disregarded the request. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011).

At the evidentiary hearing, Valcarel testified that he sent a letter to Attorney Yost asking her to file a direct appeal. N.T. PCRA Hearing, 5/29/18, at 36. He claimed that his PCRA counsel, Attorney Hobbs, had a copy of that letter. *Id*. at 31. At the conclusion of the hearing, Attorney Hobbs asked the PCRA court to keep the evidentiary record open so that he could locate the letter and supplement the record. *Id*. at 39.

Attorney Yost testified that she had no recollection of Valcarel asking her to file a direct appeal, and that there was nothing in her file demonstrating that Valcarel ever made such a request. *Id*. at 13, 14, 19. She indicated that Valcarel was appraised of his appellate rights, and had Valcarel asked her to file an appeal, she would have done so. *Id*.

In its order denying relief, the PCRA court indicated that Valcarel did supplement the record with a letter that he wrote to Attorney Yost. However, the letter did not contain a request to file a direct appeal in the instant matter. Rather, the letter (which was unsigned and undated) requested discovery in

an unrelated drug case in which Attorney Yost was also representing Valcarel.[6]

PCRA Order, 6/1/18, at 1-2. In the letter, Valcarel indicated that it was approaching thirty days since he had entered his plea in the drug case, and he requested the discovery material "ASAP" because he was about to withdraw "my plea."[7] *Id*. The PCRA court ruled that the letter requesting discovery and referencing the withdrawal of his plea in the drug case was insufficient to demonstrate that Valcarel requested Attorney Yost to file a direct appeal in his separate robbery case. *Id*. at 2.

Based on our review, we conclude that the record supports the PCRA court's determination that Valcarel did not present sufficient evidence to demonstrate that he instructed Attorney Yost to file a direct appeal in this case. Accordingly, we affirm its denial of PCRA relief with respect to Valcarel's second ineffectiveness claim.

The final issue raised in the *Turner*/*Finley* no-merit letter concerns the voluntariness of Valcarel's plea. A *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction. *See*

---

[6] The letter was accompanied by an envelope addressed to Attorney Yost which was postmarked within thirty days of the date of Valcarel's plea.

[7] The withdraw of a guilty or *nolo contendere* plea is entirely distinct from the filing of an appeal. An appeal must be filed within thirty days from the entry of the judgment of sentence. *See* Pa.R.A.P. 903(a). The time period in which to petition for the withdraw of a plea is ten days from the entry of the plea. *See* Pa.R.Crim.P. 720 (A)(1), (B)(1)(a)(i). Thus, even if Valcarel intended to withdraw his *nolo contendere* plea in the drug case, he was beyond the ten-day limit.

***Commonwealth v. Lewis***, 79 A.2d 1227 (Pa. Super. 2002). Upon entry of a negotiated guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. ***See Commonwealth v. Jabby***, 200 A.3d 500, 505 (Pa. Super. 2018).

Here, as Valcarel seeks the challenge the validity of his *nolo contendere* plea, he bears the burden of demonstrating that his guilty plea was involuntary, unknowing or unintelligent. ***See Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999). Importantly, the defendant is bound by the statements he makes during the guilty plea colloquy and cannot later assert grounds for withdrawing the plea that contradict statements he made when pleading guilty. ***See Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003). Nor may a defendant challenge his guilty plea by asserting that he lied while under oath. ***Id***.

At the evidentiary hearing, Valcarel claimed that his plea was unlawfully induced and he is innocent. In support of his claim, Valcarel testified that on the day that he tendered the plea he was under the influence of Depakote, a psychotropic medication, and did not understand what he was doing. ***Id***. at 27-28. However, Valcarel additionally testified that he accepted the plea of four to ten years incarceration because he was facing thirty to sixty years in prison that he would "never get back." ***Id***. at 28-29. Additionally, when questioned by the PCRA court, Valcarel agreed that, when he was asked by

the trial court whether it was his choice to plead guilty, he answered "yes," and stated that no one had threatened or coerced him to enter the plea. *Id*. at 32-33.

Based on the record before us, we conclude that the PCRA court's determination that Valcarel voluntarily entered his *nolo contendere* plea is amply supported by the record. Valcarel indicated to the trial court that his plea was voluntary, intelligently, and knowingly entered, and he cannot now claim otherwise. **See Pollard**, 832 A.2d at 523. Accordingly, we affirm the PCRA court's denial of PCRA relief on Valcarel's third issue.

Finally, as the record supports PCRA counsel's determination that Valcarel's claims for PCRA relief lack merit, we grant Attorney Hobbs' petition to withdraw.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/30/2020

- 12 -